Lieghley, J.
The parties stood in the same order below.
The plaintiff, Sol. M. Halbreich, filed his statement of claim in the court below, alleging that he occupied the first floor and basement of the premises of defendant, Mark Lamb, under a lease, which premises are located at the corner of Ontario street and Huron road, and that the relation of landlord and tenant existed between them on the day in *166 question in this law-suit; that the stories above the first floor were used, occupied and under the control of the defendant at that time; that on the 4th day of February, 1917, the defendant carelessly and negligently permitted water to percolate through the ceiling of the store occupied by the plaintiff, which water damaged his goods and stock of merchandise then therein; that the plaintiff called the attention of the defendant to the water leaking through the ceiling, but that the defendant disregarded the warning and permitted the water to continue to percolate for a period of more than two hours; and that he is entitled to damages to his stock of goods occasioned by the water through the negligence of the defendant.
Defendant filed an answer in which he admits that on said day he had the use, occupancy and control of the upper stories of said block; that on said day a water pipe broke in the private apartments of the defendant on the third floor of said building, due to the fact that the gas company failed to furnish sufficient gas to heat the building, and that in consequence thereof the pipe froze and broke; and asserts that the breaking of the pipe was not due to any negligence on his part but was due to the default of the gas company; and that upon discovery of said break he used the utmost diligence to turn off the water in the building. He denies generally all the statements of fact contained in the statement of claim, not expressly admitted.
The case came on for trial, and a jury was empaneled. The defendant then objected to the introduction of any evidence and moved the court for a *167 judgment on the pleadings, which motion was granted and judgment was entered for the defendant. Error is prosecuted to this court to reverse this judgment.
To sustain the judgment of the court below, counsel cites and relies upon the case of The Shinkle, Wilson & Kreis Co. v. Birney & Seymour, 68 Ohio St., 328, the syllabus of which reads as follows:
“The relation of lessor and lessee arises out of contract, and, where there is neither express warranty nor deceit, the latter can not maintain an action against the former on account of the condition of the premises hired.”
In addition to the above authority we cite Shindelheck v. Moon, 32 Ohio St., 264, and Stackhouse v. Close et al., 83 Ohio St., 339.
These citations are authority for the rule that the relation of lessor and lessee is one of contract; also that the tenant can not maintain an action against the landlord on account of the condition of the premises leased, in the absence of deceit, fraudulent concealment or express warranty.
An examination of these authorities, however, will disclose that the facts in each case relate to the demised premises. Each case, and the rule announced in each, limits the application thereof to the condition of the premises hired, and in neither of the cases is the rule extended to the condition of premises outside of and beyond the demised premises.
The pleadings in this case clearly show that the demised premises consisted of the first floor and basement, and that the defendant had the use, oc *168 cupancy and control of the stories above the one leased to plaintiff. The break in the pipe occurred in the private apartments of the defendant, over which the plaintiff exercised no control and into which he had no right of entry to make repairs, and which was in no sense a part of the subject-matter involved in the contract of lease. As to the first floor covered by lease the relation of plaintiff and defendant was contractual, and no question of negligence arises in respect to that part of the premises. Whether or not any rule of negligence may be invoked and applied for an omission of duty on thé part of the defendant in his private apartments resulting in damages to the property of the plaintiff on the first floor is one of fact to be determined from the proof in the case, and the authority relied upon by counsel as controlling in this law-suit has no application whatsoever to the situation presented in the pleadings in this case.
The judgment is reversed for error in sustaining the motion for judgment on the pleadings, and the cause is remanded to the court below for proceedings according to law.

Judgment reversed, and cause remanded.

Grant and Dunlap, JJ., concur.